No. 17895—George Kuhn v. The Cincinnati Traction Company. Error to the Court of Appeals of Hamilton County.

1283. WORKMEN'S COMPENSATION—It is error, in action against him for damages, to refuse to allow employer opportunity to show compliance with statutory duties, under 871—13, 15 and 16 GC., as to provisions to preven 13, 15 and 16 GC., as to provisions to prevent injuries.

2. Word "sound" as used in Sub. 4, 1027 GC., means same as "safe" as defined in 871-13 GC., as to freedom from danger.

3. Under this section, employer may show he has met the require ddegree of care.

4. Instruction to jury as to the required safety of an elevator should have included also that breaking down was due to some violation by employer of a statutory duty in regard thereto.

DAY, J.

1. In an action for damages for personal injury against an employer who has paid into the Workmen's Compensation fund, for alleged violation of Subdivision 4 of Section 1027, General Code, providing that an employer "shall make suitable provisions to prevent injury" and shall "examine frequently and keep in sound condition the ropes, gearing and other parts of elevators," and for failure to provide a safe place to work, and for failure to use safety devices and safeguards, as provided in Sections 871-13, 871-15 and 871-16, General Code, it is error to refuse such employer opportunity to show compliance with such statutory duty.

2. While it was the duty of the employer "to examine frequently and keep in sound condition the ropes, gearing and other parts of elevators," the statutory duty would be discharged if there was frequent examination by the employer, and the ropes, gearing and other parts of the elevator were kept as free from danger to the life, safety and welfare of the employe using the elevator as the nature of the employment would reasonably permit, and if the employer furnished, provided and used safety devices and safeguards and adopted and used methods reasonably adequate to render the use of such elevator safe within the meaning of the statute. The word "sound," as used in Subdivision 4 of Section 1027, has the same significance as the word "safe," as defined in Section 871-13, to-wit, as free from danger to the life, safety and welfare of the employe as the nature of the employment will reasonably permit.

3. Subdivision 4 of Section 1027, General Code, does not create an absolute liability, nor constitute an insurance of the safety of an employe, but, in an action based upon a violation of such subsection, an employer may show

by way of defense that he has met the degree of care required by statute.

4. In an action for violation of Subdivision 4 of Section 1027, an instruction that "it was the duty of the defendant to provide and maintain an elevator sufficient in all its parts so that when used for the purpose intended and in the manner intended, it would not break" is erroneous unless the jury be further instructed that such breaking was due to some violation by the employer of a statutory duty in that regard.

Judgment modified and affirmed.

Marshall, C. J., Wanamaker and Allen, JJ., concur.

———

No. 17986—The State ex rel Jud T. Smith v. Charles G. Barnell, Director of Public Service, et al. Error to the Court of Appeals of Muskingum County.

801. MUNICIPAL LAW—The acts of the Director of Public Safety under its charter, in inquiring into the cause of suspension of an employe under him, and rendering judgment thereon, are administrative and not judicial duties—Such acts are directory and without action after the five-day period in which he is required to act, his jurisdiction to act continues.

ALLEN, J.

1. A city charter provides that after suspension of an employe of the Division of Police or Fire by the chief of the division, the chief of the division concerned shall forthwith in writing certify the fact, together with the cause for suspension, to the Director of Public Safety, who within five days from the receipt thereof shall proceed to inquire into the cause of such suspension and to render judgment thereon. Held:

That the acts of the Director of Public Safety in inquiring into the cause of such suspension and rendering judgment thereon are administrative and quasi judicial, and not judicial.

2. The provision that the Director of Public Safety within five days from the receipt of notice of suspension shall proceed to inquire into the cause of such suspension and render judgment thereon, is directory and not mandatory, and after the temination of the five-day period the Director of Public Safety still has jurisdiction to proceed to inquire into the cause of such suspension and to render judgment thereon.

Judgment affirmed.

Robinson, Jones, Matthias and Day, JJ., concur. Wanamaker, J., concurs in the judgment. Marshall, C. J., took no part in the consideration or decision of the case.